IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-22-DWD |
| ) | |
| JOHN BALDWIN, ) | |
| JACQUELINE A. LASHBROOK, ) | |
| ANDY STOUT, ) | |
| JUSTIN ENGELAGE, ) | |
| TYLER HOWELL, ) | |
| BRIAN ADAMS, ) | |
| ZACHARY FITZGERALD, ) | |
| RYAN ASHTON, ) | |
| MATTHEW DULANEY, ) | |
| LASHAYA DONABY, ) | |
| REVA ENGELAGE, ) | |
| ELIZABETH KNOP, ) | |
| RON SKIDMORE, and ) | |
| MICHAEL MOLDENHAUER, ) | |
| ) | |
| Defendants.[1] ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Terry Rogers, an inmate in the custody of the Illinois Department of Corrections, alleges that Defendants LaShaya Donaby, Elizabeth Knop, and Michael Moldenhauer were deliberately indifferent to his serious medical needs after he was assaulted by staff members at two correctional facilities in August 2017. Now before the Court is a motion for summary judgment filed by Defendants Donaby, Knop, and

---

[1] The Clerk of Court shall update the docket sheet to reflect the correct spellings of Defendants' names.

1

Moldenhauer. (Doc. 96). Plaintiff responded through counsel on August 2, 2019. (Doc. 98). Plaintiff's counsel retired from the practice of law in September 2019, and new counsel was appointed. The parties were allowed until August 10, 2020, to supplement or amend their briefs. (Doc. 113). Neither party filed an amendment or a supplement by the deadline, and the matter is now ripe for ruling. For the reasons delineated below, the Court denies Defendants' motion.

## FACTUAL BACKGROUND

On August 24, 2017, Plaintiff Terry Rogers was incarcerated at Lawrence Correctional Center ("Lawrence") when he got into an argument with Defendant Andy Stout, a correctional officer. Rogers alleges that Stout opened his cell door and assaulted and injured him. After being examined by healthcare staff at Lawrence, Rogers was transferred to Menard Correctional Center ("Menard"). He alleges that several staff members at Menard assaulted him a second time upon his arrival. After the second assault, Rogers claims that prison officials turned off the water to his cell, gave him a dirty mattress, refused to feed him, and ignored his requests for medical care.

A nurse, L. Gregson, conducted Rogers's medical intake at Menard. Gregson's notes reflect that Rogers had no subjective complaints and that his physical appearance and behavior were appropriate. She charted his medications and placed him on sick call "routine." Rogers has asthma, and his intake paperwork reflects that he had two prescriptions for asthma pumps. (Doc. 97-1, p. 2). After arriving at Menard, he was taken to a cell in segregation where he did not have access to his asthma medication.

2

Defendant LaShaya Donaby, a nurse in the healthcare unit at Menard, passed out Plaintiff's medications on August 26, 2017. According to his deposition testimony, Rogers showed Donaby bruising on his forehead when she came to his cell, and he told her that he did not have his asthma pump. An unidentified correctional officer told Donaby not to talk to Rogers, not to give him medical care, and to keep moving. Rogers testified that Donaby questioned whether she could talk to him, and the officer told her not to because Rogers was a "staff assaulter." (Doc. 97-2, p. 24). He explained that he believed Donaby would have helped him but for the officer's involvement. He couldn't remember whether Donaby gave him any medications, but his medical records reflect that he received his psychiatric medications: Remeron, Prazosin, and Effexor. (Doc. 97-1, p. 9; Doc. 97-2, p. 24). Rogers also testified that he kept his asthma pumps in his cell at Lawrence and that it should have been included with his property when he was transferred.

Defendant Elizabeth Knop, also a nurse in the healthcare unit at Menard, passed out medications to Rogers on August 28, 2017. Rogers testified that he asked Knop for medical attention, including asking her for his asthma pump, and that he showed her his injuries. He explained that he believed she would have helped him if a correctional officer hadn't told her not to. Knop provided Rogers with his medications, including Remeron, Prazosin, and Effexor. She did not give him his asthma medications. According to Rogers, he also tried to give Knop a sick call request slip, but the correctional officer would not let him submit it. (Doc. 97-2, p. 25-26).

On August 31, 2017, Defendant Michael Moldenhauer, a nurse practitioner, performed a physical examination of Rogers. According to Rogers's deposition,

3

Moldenhauer moved his hand and wrist to check for mobility issues in his wrist and thumb. The appointment ended after Moldenhauer said he did not have Rogers's entire file, which contained his complete medical chart and labs. Rogers didn't see his file that day and acknowledged that it was possible it had yet to arrive from Lawrence. He explained that the issue with the missing file only arose after Rogers mentioned he was injured in a staff assault and that Moldenhauer's "whole demeanor changed" after Rogers claimed he was assaulted. (Doc. 97-2, p. 27). Moldenhauer's notes do not mention Rogers's wrist issues or his missing asthma pump. (Doc. 97-1, p. 4). Rogers testified that he did not receive medication for his pain or ointment for the wounds on his wrist from Moldenhauer during the appointment.

The parties agree that Rogers received his asthma medication at some point in September 2017. His medical records reflect that an unidentified nurse first noted his complaints of headache, nausea, vomiting, dizziness, and right thumb pain on September 25, 2017. The records contain a note that the thumb and wrist pain was caused by arthritis. The medical records do not contain any noted complaints about asthma complications in September 2017. (Doc. 97-1, p. 5-6).

Rogers saw Defendant Moldenhauer again on October 12, 2017. Moldenhauer prescribed Nasacort spray, Claritin, Motrin, and Pepcid. He charted that Plaintiff's right thumb had a good range of motion, no edema, and good sensation. Plaintiff acknowledged at his deposition that he did not have any complaints related to the medical treatment he received during the October 12, 2017 visit with Moldenhauer except that his pain was not medicated sufficiently. (Doc. 97-2, p. 28-29).

Moldenhauer saw Rogers again on November 12, 2017, and he ordered an x-ray and Naproxen after Rogers complained of right thumb pain and new tingling. Moldenhauer noted that Plaintiff's thumb had good range of motion and no edema. Rogers testified at his deposition that he did have swelling, stiffness, and pain and that Moldenhauer ordered physical therapy. (Doc. 97-2, p. 29). He also testified that he had no complaints about the care he received from Moldenhauer on November 12, 2017.

According to Rogers, his complaints with the care he received from Moldenhauer stemmed from the August 31, 2017 appointment and from the delay in ordering an x-ray and physical therapy. (Doc. 97-2, p. 30). Rogers did not receive an x-ray for his August injuries until November 16, 2017. The results showed no acute displace fracture or dislocation. (Doc. 97-1, p. 11). Rogers eventually received physical therapy for his thumb and wrist pain, but he testified that it continues to bother him during his normal, daily activities. (Doc. 97-2, p. 30-31).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe,* 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014).

5

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

The Eighth Amendment prohibits cruel and unusual punishments, and the deliberate indifference to the "serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009). A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm"—not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A prisoner's dissatisfaction with a medical professional's prescribed course of treatment does not give rise to a successful deliberate indifference claim unless the treatment is so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)(citation omitted).

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition."

*Arnett*, 658 F.3d at 750. *Accord Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "A medical condition is objectively serious if a physician has diagnosed it as requiring treatment, or the need for treatment would be obvious to a layperson." *Hammond v. Rector*, 123 F. Supp. 3d 1076, 1084 (S.D. Ill. 2015)(citing *Pyles v. Fahim,* 771 F.3d 403, 409 (7th Cir.2014)). It is not necessary for such a medical condition to "be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer*, 511 U.S. at 828 (violating the Eighth Amendment requires "deliberate indifference to a *substantial* risk of *serious* harm")(internal quotation marks omitted)(emphasis added).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *See Greeno*, 414 F.3d at 653. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). *See also Hammond*, 123 F. Supp. 3d at 1086 (stating that "isolated occurrences of deficient medical treatment are generally insufficient to establish . . . deliberate indifference"). Deliberate indifference involves "intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)(citing *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

**ANALYSIS**

Defendants do not challenge that Plaintiff's injuries and asthma issues rise to the level of being serious medical needs. Plaintiff testified that he had pain, bruises, and wounds when he interacted with Defendants Donaby and Knop. He also testified that he asked both nurses for his asthma pump. Rogers's testimony also establishes that Defendant Moldenhauer examined his range of motion in his injured right wrist during the first time Moldenhauer examined him. Rogers said that he asked Moldenhauer for his asthma pump and that he complained about his pain and wounds during their appointments. Plaintiff's testimony on these points is largely uncontroverted, and that is sufficient at this time to establish that he had objectively serious medical needs.

1. **Deliberate Indifference by Defendants Donaby and Knop**

Defendants Donaby and Knop argue that they were not deliberately indifferent to Plaintiff's medical needs because they provided him with his psychiatric medications during their rounds through segregation. They suggest that there is no evidence that their failure to give Rogers his asthma medication was anything more than inadvertent and that they could not have provided further medical attention because the correctional officers prohibited them from doing so. Plaintiff counters that Donaby and Knop played a role in a broader pattern of harassing conduct, arguing that they cannot blame their failure to take steps necessary to provide him with needed care on interference by other prison personnel.

Plaintiff testified that he showed Donaby his bruises and told her he needed his asthma pump. According to his testimony, which Defendants do not rebut, Donaby did not help him with his injuries nor did she take steps to locate or secure an asthma pump

for Rogers. Similarly, Rogers showed Knop his injuries and asked her about his missing asthma pump, but Knop did not treat him or help him get his asthma pump. Rogers also testified that he attempted to give Knop a sick call slip, but she would not take it. Rogers testimony also establishes that Defendants' actions were guided, in part, by instructions from correctional officers, but a reasonable juror could conclude that, by only providing him with his psychiatric medications, Defendants acted with deliberate indifference to his other medical needs. Drawing inferences in favor of Rogers as the non-moving party, there is a genuine dispute of material fact as to whether Defendants Donaby and Knop were merely negligent or whether their conduct was reckless or intentional. As such, they are not entitled to summary judgment.

**2. Deliberate Indifference by Defendant Moldenhauer**

Defendant Moldenhauer argues that he provided Rogers with appropriate medical care and did not act with deliberate indifference. Moldenhauer treated Rogers on three occasions. During their first appointment on August 31, 2017, Plaintiff's uncontroverted testimony establishes that Moldenhauer examined the mobility of his hand, thumb, and wrist, but, once Rogers told Moldenhauer he was assaulted by staff, Moldenhauer's demeanor changed. He told Rogers he didn't have his file and that he would have to schedule him for follow-up care. According to Rogers, he had wounds and injuries that were not tended to by Moldenhauer during the appointment. He also testified that he asked for an asthma pump, but Moldenhauer did not help him with his missing asthma medication.

9

Moldenhauer argues that his ability to provide care was limited by not having Plaintiff's file. The record is unclear as to whether Plaintiff's medical file was available or not. While Rogers testified that he did not see his file and acknowledged that it may not have been there, nothing in the record rebuts his testimony that the missing file only became an issue after he mentioned the altercation with prison staff. Plaintiff's testimony also suggests that Moldenhauer was aware of his thumb and wrist pain but did not provide pain relief or treatment, and Rogers claims that their later appointments were satisfactory with the exception of the lack of treatment he received for his pain.

Rogers argues in his response that Moldenhauer also was deliberately indifferent because he delayed treatment of his thumb injury, for which he was eventually prescribed physical therapy. A delay in treatment can rise to the level of deliberate indifference if the delay "exacerbated the inmate's injury or unnecessarily prolonged his pain." *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015)(citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) and *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)). "Whether the length of delay is tolerable depends upon the seriousness of the condition and the ease of providing treatment." *Id.* (citing *McGowan*, 612 F.3d at 640).

Considering the record as a whole, a juror crediting Plaintiff's testimony could find that Moldenhauer failed to provide Rogers with pain relief and delayed an x-ray and treatment of his thumb and wrist injury, prolonging Rogers's pain. As with Defendants Donaby and Knop, Rogers's testimony establishes that he also asked Defendant Moldenhauer for his asthma medication, and Moldenhauer failed to assist him, which could lead reasonable jurors to conclude that he exposed Rogers to a substantial risk of

10

harm. For all these reasons, Defendant Moldenhauer is not entitled to summary judgment.

### 3. Harm Caused by Defendants' Deliberate Indifference

Defendants' final argument is that Rogers cannot prove that he was harmed by their conduct. The argument cites no case law and is unclear. To the extent that Defendants raise the argument to challenge their personal involvement, only persons who cause or participate in an alleged constitutional deprivation are responsible under § 1983. *See Greeno v. Daley*, 414 F.3d 645, 656-657 (7th Cir. 2005). Here, however, there is sufficient evidence that Defendants each were personally involved in the alleged deprivations. Plaintiff's testimony and his medical records establish that each defendant interacted with Rogers and played a role in his medical treatment, which is sufficient to establish personal involvement.

Defendants' argument may be aimed at the proposition that to recover damages in a § 1983 action, a plaintiff must show that he is injured and must show a "causal connection between that injury and the deprivation of a constitutionally protected right." *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999). Plaintiff testified that he had wounds and injuries, including his right thumb and wrist injury, that went untreated because of Defendants' actions. He also testified that he had shortness of breath and burning in his chest due to being in a hot cell that smelled of urine and feces. (Doc. 97-2, p. 16). Rogers said he did not have his asthma pump and that he had asthma attacks during the time period when he was in segregation around the time when Defendants

11

Donaby and Knop saw him. (Doc. 97-2, p. 16). Taken together, a reasonable juror could conclude that Defendants' allegedly unconstitutional conduct shares a causal connection with continued pain and breathing difficulties suffered by Rogers while he waited for adequate medical treatment. Given the undeveloped nature of Defendants' argument, they fail to carry their burden of establishing that they are entitled to summary judgment as a matter of law.

## CONCLUSION

For the above-stated reasons, Defendants' motion for summary judgment (Doc. 96) is **DENIED**. By separate order, the Court will set Plaintiffs' motion to compel (Doc. 117) and the consent motion to continue discovery deadline and dispositive motion deadline (Doc. 119) for hearing. The parties shall file a joint status report on or before November 30, 2020, advising whether the issues raised in the motion to compel have been resolved.

**SO ORDERED.**

Dated: November 17, 2020

DAVID W. DUGAN
United States District Judge