IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY ROGERS,

          Plaintiff,

v.

JOHN BALDWIN, *et al.*,

          Defendants.

Case No. 18-cv-22-DWD

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff Terry Rogers's Motion to Reopen Discovery (Doc. 150). Defendants filed responses to the motion (Docs. 151 and 153). Rogers filed replies (Docs. 152 and 154, respectively).

### PROCEDURAL BACKGROUND

On January 5, 2018, Rogers filed his Complaint alleging deliberate indifference to his medical needs and in refusing to transfer him out of Menard after being made aware of a serious risk of harm posed to him (Doc. 155, pp. 1-2). Prior to any discovery deadlines being entered in this case, the Court first assigned counsel to Rogers (Doc. 27). A discovery deadline was initially set for May 1, 2019 (Doc. 46). Merits discovery was subsequently stayed while the issue of exhaustion was resolved (Doc. 47). On January 24, 2019, the exhaustion issue was resolved and merits discovery was allowed to proceed (Doc. 89). Rogers's went through additional changes in counsel (Docs. 52, 53, 99, 100).

On October 10, 2019, Attorney Rebecca Van Court was assigned to represent Rogers (Doc. 100). Because merits discovery had already closed, Rogers's newly assigned

attorney asked to reopen discovery (Doc. 111). Counsel noted that although prior counsel had served written discovery on some of the Defendants, they failed to respond to the interrogatories or requests for production. Further, not all of the Defendants were served with discovery and some of the Defendants failed to submit their required initial disclosures (Doc. 111, p. 3). Counsel asked to re-open discovery in order to allow Rogers "to obtain written discovery responses, subpoena responses, party depositions and/or witness depositions" in preparation for trial (*Id*. at p. 4). Defendants did not object to the motion. The Court granted Rogers's motion to re-open discovery and the discovery deadline was reset for July 9, 2020 (Doc. 113). Due to the Court's Administrative Orders related to delays caused by Covid-19, that deadline was extended and later reset for March 1, 2021 (Doc. 131). The dispositive motion deadline was reset to April 1, 2021.

On April 1, 2021, both the Illinois Department of Corrections defendants and the medical defendants filed motions for summary judgment (Docs. 134 and 136). Assigned counsel filed responsive briefs (Docs. 139-142). At no time did counsel indicate that more discovery was necessary to respond to the summary judgment motions. After the motions were fully brief, assigned counsel asked to withdraw because she was leaving active practice in Illinois (Doc. 143). On June 8, 2021, Rogers's current counsel was assigned to the case (Doc. 144).

On August 30, 2021, current counsel filed the pending motion to reopen discovery (Doc. 150). Counsel indicates that prior counsel did not complete any depositions of the defendants. Counsel also believes that additional written discovery is necessary to prepare for trial. In a reply brief, he indicates that he never received certain supplemental discovery responses that were sent to Rogers's previous counsel in January and March

2021 (Doc. 152). Defendants opposed the motion, noting that discovery had long since closed and the dispositive motions had already been briefed (Docs. 151 and 153). On September 24, 2021, the Court granted in part and denied in part the pending motions for summary judgment, leaving the following counts:

**Count 6:** Donaby, Knop, and Moldenhauer were deliberately indifferent as to Rogers's denial of asthma medication in violation of the Eighth Amendment.

**Count 7:** Lashbrook and Baldwin were deliberately indifferent to the serious risk of harm posed by the other defendants' campaign of harassment when they refused to transfer Rogers out of Menard after being made aware of his complaints through the grievance process in violation of the Eighth Amendment.

## ANALYSIS

The decision to re-open discovery is in the sound discretion of the court. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007) (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 603 n. 2 (7th Cir. 2006)). Here, Rogers was already allowed to reopen discovery once, on January 9, 2020, when attorney Van Court was assigned to the case (Doc. 113). The deadline was later extended to March 1, 2021, to account for any delays caused by the Covid-19 pandemic (Doc. 131). On April 1, 2021, Defendants filed their motions for summary judgment (Docs. 134 and 136). The motions were fully briefed by Rogers's counsel. At no time did Rogers's assigned counsel ask for additional time to conduct written discovery or take additional depositions. Further, Rogers was given an additional thirteen months to conduct discovery. He does not indicate that his assigned counsel at the time was ineffective or failed to conduct any discovery in the case. Counsel responded to the dispositive motions and some of Rogers's claims survived summary judgment. Although new counsel was assigned because previous counsel could no longer represent

Rogers, there is no justification for the additional discovery counsel seeks at this late stage Rogers is not entitled to a "do over" now that the dispositive motions have been fully briefed and ruled on. *Winters*, 498 F.3d at 743.

Accordingly, Rogers's motion to re-open discovery is **DENIED**. To the extent that counsel indicates he was not able to obtain from previous counsel the January 15, 2021 supplemental discovery responses and supplemental discovery production from March 1, 2021, Defendants are **DIRECTED** to send those responses to Rogers's current counsel.

**IT IS SO ORDERED.**

DATED:   January 27, 2022

/s David W. Dugan
_____
**DAVID W. DUGAN**
**U.S. District Judge**